IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| QUINDELL MERCER, # 410843 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. GLR-14-2181 |
| | * | |
| | * | |
| FRANK BISHOP, JR., | * | |
| | * | |
| Defendant. | * | |
| | *** | |

# MEMORANDUM

Pending are Quindell Mercer's Complaint pursuant to 42 U.S.C. § 1983 for pay owed to him as a prison inmate dietary worker and his Motion to Proceed in Forma Pauperis. Mercer's financial affidavit indicates he is indigent, therefore his Motion to Proceed in Forma Pauperis (ECF No. 2) will be granted.

Mercer, an inmate at North Branch Correctional Institution in Cumberland, Maryland, filed his Complaint pro se under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. The statute requires a court to dismiss any claim that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court is mindful of its obligation to liberally construe the pleadings of pro se litigants such as Mercer. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. Id. at 93 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). A plaintiff who submits an inartfully pled action which contains a potentially cognizable claim should be given the opportunity to particularize his complaint in order to define his issues. See Johnson v. Silvers, 742 F.2d 823, 825 (4th Cir.

1984).  Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

To state a claim under § 1983, a plaintiff must allege that (1) a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).  Mercer claims that he has not been fully paid for his services as a prison dietary worker between July 9, 2013, and August 5, 2013.  He states that he worked a total of twenty-eight days at $0.90 per day, was owed $25.20, and has received only $16.20.  He claims "the institution has deprived me of my fundamental right to be paid for my labor under the equal protection clause," and his efforts to resolve the issue through institutional channels, including the Administrative Remedy Procedure process, and in state court have been unsuccessful. (ECF No. 1, p. 4).

Mercer's allegations of fact do not support an equal protection claim, nor do they otherwise set forth a cognizable claim for federal relief.  First, Mercer does not claim that Defendant Bishop had any personal involvement in this matter.  Typically a correctional supervisor's administrative responsibilities are insufficient to suggest personal involvement nor confer culpability, and vicarious liability based on respondeat superior is generally inapplicable to § 1983 actions.  See Vinnedge v. Gibbs, 550 F.2d 926, 927–99 (4th Cir.1977); see also Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978).

Second, Mercer fails to state an equal protection claim. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its

jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). To state a § 1983 claim for violation of the Equal Protection Clause "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." Washington v. Davis, 426 U.S. 229, 239–40 (1976). Alleged unequal treatment alone does not support a claim of constitutional deprivation. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001) (to prove an equal protection claim, a litigant "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination"). Mercer does not claim he was treated differently from others who are similarly situated, this treatment was based on impermissible classifications, or that Defendant acted with discriminatory intent in applying this classification.

For these reasons, the Court concludes that the Complaint fails to present an actionable claim under 42 U.S.C. § 1983. Accordingly, the Complaint will be dismissed by separate Order.

July 25, 2014                                               /s/
                                                   George Levi Russell, III
                                                   United States District Judge